IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VENKY VENKATRAMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1335-X-BN |
| | § | |
| SAKSHI VENKATRAMAN ET AL., | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF DEFICIENCY AND ORDER REGARDING LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff Venky Venkatraman filed a *pro se* complaint against his daughters for defamation, intentional infliction of emotional distress, and civil conspiracy. *See* Dkt. No. 3. Venkatraman also moves for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. So United State District Judge Brantley Starr referred Venkatraman's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The IFP statute, 28 U.S.C. § 1915, "was designed to ensure that litigants would not be deprived of meaningful access to the federal judicial system due to their financial circumstances." *Bucklew v. St. Clair*, No. 3:18-cv-2117-N-BH, 2019 WL 2250886, at *2 (N.D. Tex. May 15, 2019) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *rec. accepted*, 2019 WL 2249718 (N.D. Tex. May 24, 2019). But, to gain access, "[a] litigant seeking IFP status must submit an affidavit identifying all assets he possesses, as well as a statement that he is unable to pay the necessary fees of bringing a federal civil action." *Smith-Garcia v. Harrison Cnty.*, 776 F. App'x 226, 227

(5th Cir. 2019) (per curiam) (citing 28 U.S.C. § 1915(a)(1)).

The Court must then examine the financial condition of the applicant in order to determine whether the payment of fees would "cause undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "This entails a review of other demands on individual [applicants'] financial resources, including whether the expenses are discretionary or mandatory." *Id.* And, while "[t]he term 'undue financial hardship' is not defined and, therefore, is a flexible concept[,] ... a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'" *Walker v. Univ. of Tex. Med. Branch*, No. 1:08-CV-417, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Williams v. Louisiana*, Civ. A. No. 14-00154-BAJ-EWD, 2017 WL 3124332, at *1 (M.D. La. Apr. 14, 2017) (noting that the applicable standard "requires a showing of more than an inconvenience to the applicant" (citations omitted)).

"[W]hether the litigant is 'unable to pay' the costs [associated with initiating a lawsuit also] ... depend[s] in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978); *see Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (citations and internal quotation marks

omitted)); *accord Pisano v. Astrue*, No. 11-30269-KPN, 2012 WL 79188, at *2 (D. Mass. Jan. 10, 2012) (collecting cases).

And a financial affidavit that is either "incomplete" or "internally inconsistent" is insufficient to find that a movant qualifies for leave to proceed IFP. *Muhammad v. La. Attorney Disciplinary Bd.*, Civ. A. No. 09-3431, 2009 WL 3150041, at *2 (E.D. La. Sept. 25, 2009) (citing *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976) ("[W]here the in forma pauperis affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question ... of whether the asserted claim is frivolous or malicious."); collecting cases).

Here, the IFP motion and financial affidavit reflect that Venkatraman earns more than $3,000 per month and has assets totalling approximately $650,000. *See* Dkt. No. 4. As Venkatraman reports no dependents, the applicable poverty guideline for a single individual in Texas for 2025 is $15,650. *See* Annual Update of the HHS Poverty Guidelines, 90 Fed. Reg. 5917 (Jan. 15, 2025). Venkatraman's reported income equates to $40,044 annually, which is more than double the applicable poverty guideline. *See* Dkt. No. 4.

On this record, the undersigned cannot find that requiring Venkatraman to pay the $405 filing fee will cause undue financial hardship. *See Logan v. Logan*, No. 4:23-cv-1252-P, 2023 WL 9052109, at *1 (N.D. Tex. Dec. 29, 2023) ("The Court has discretion to make [IFP] decision guided by an array of considerations and (most importantly) informed by the federal poverty guidelines." (citing *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988))). The Court therefore will require that

Venkatraman pay the filing fee by **June 30, 2025**.

And the Court cautions Venkatraman that failure to timely follow the directions in this order subjects this lawsuit to dismissal under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: May 29, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE