IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VENKY VENKATRAMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1335-X-BN |
| | § | |
| SAKSHI VENKATRAMAN and | § | |
| SMRITHI VENKATRAMAN, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE <u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Venky Venkatraman (alleged to be "a resident of Texas") filed this lawsuit *pro se* against his daughters, Defendants Sakshi Venkatraman (alleged to be "a resident of New York") and Smrithi Venkatraman (alleged to be "a resident of New Jersey"). Dkt. No. 3.

United States District Judge Brantley Starr referred the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b).

And, because the parties all share the same last name, the undersigned will refer to each by their first name.

Venky alleges a claim of defamation against Sakshi and claims of intentional infliction of emotional distress and civil conspiracy against both daughters. *See* Dkt. No. 3, ¶¶ 13-40. And, considering the state law nature of these claims, Venky further alleges that there is federal subject-matter jurisdiction under 28 U.S.C. § 1332 because Sakshi's citizenship and Smrithi's citizenship are each diverse from his and

the amount in controversy exceeds $75,000. *See id.*, ¶ 4. Yet, according to Venky, despite their current alleged residencies, each daughter still "has sufficient 'minimum contacts' with Texas, and the exercise of jurisdiction [over each] complies with the Due Process Clause of the Fourteenth Amendment." *Id.*, ¶¶ 5 & 6.

The undersigned recommends that the Court dismiss this lawsuit for lack of subject-matter jurisdiction or alternatively because Venky has not made a prima facie showing that the Court has personal jurisdiction over either defendant.

## Discussion

"Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868). And, so, a court "must examine the basis of its jurisdiction, on its own motion if necessary." *Green Tree Servicing, L.L.C. v. Charles*, 872 F.3d 637, 639 (5th Cir. 2017) (citation omitted).

Subject-matter jurisdiction under Section 1332 can be established (1) where each plaintiff's citizenship is diverse from each defendant's citizenship and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a), (b).

Venky asserts that is the case here where he alleges that all parties reside in different states. But allegations as to residency do not establish a party's citizenship.

"For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). And,

> [i]n *Coury v. Prot*, the [United States Court of Appeals for the] Fifth Circuit explained that, in determining a person's domicile, courts "must

> address a variety of factors" with "[n]o single factor [being] determinative." 85 F.3d 244, 251 (5th Cir. 1996). These "factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* (citations omitted).

*Union Pac. R.R. Co. v. Nuefuel TX LLC*, No. 3:23-cv-1206-L, 2024 WL 2970013, at *1 (N.D. Tex. June 11, 2024).

So "[a]n allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *Id.* (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)); *accord J.A. Maters Invs. v. Beltramini*, 117 F.4th 321, 322 (5th Cir. 2024) (per curiam); *cf. Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("Assertions that are conclusory are insufficient to support an attempt to establish subject-matter jurisdiction." (cleaned up)).

The Court should therefore dismiss this lawsuit for lack of subject-matter jurisdiction – consistent with the presumption that "causes of action fall outside the limited jurisdiction of federal courts," which is why "the burden lies on the parties to establish jurisdiction's existence." *Ashley v. Clay Cnty.*, 125 F.4th 654, 659 (5th Cir. 2025) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Alternatively, if Venky can establish federal subject-matter jurisdiction, the Court need not accept his conclusions that both Sakshi and Smrithi have "sufficient 'minimum contacts' with Texas, [such that] the exercise of jurisdiction [over each] complies with the Due Process Clause of the Fourteenth Amendment." Dkt. No. 3, ¶¶

5 & 6.

For example, his only allegations as to Sakshi that are close in time to the filing of this lawsuit are that she

> went on to study journalism at NYU and after graduation from NYU, joined NBC News. In July of 2023, Sakshi was interviewed by a journalism student at NYU where she falsely told the interviewer that she had been abused during childhood by Plaintiff. Reading this caused Plaintiff great emotional distress since the truth was the exact opposite which is he had treated Sakshi like a jewel from since she was born and did his best to be the best father he could be when he was managing as a single father. These allegations were republished in 2024 in KeyWiki. Plaintiff is pretty certain that Sakshi had made similar derogatory statements about him to other people as well.

Dkt. No. 3, ¶ 6.

And, as to Smrithi, Venky's only allegations as to her recent activities are that she

> went on to study applied psychology at NYU in 2020 and is currently doing post graduate work at Rutgers University in New Jersey. She left for New York in 2020 without informing Plaintiff, blocked Plaintiff's phone number, and hangs up on Plaintiff whenever he tried to reach her using other phone numbers. This has caused Plaintiff great emotional distress since he had treated Smrithi like a jewel from when she was born and he had done his utmost to be the best father he could be when he was managing as a single father. Further, Plaintiff has evidence that Smrithi had made derogatory statements about him to several people, most likely at the behest of her mother and Sakshi who have thoroughly alienated Smrithi against Plaintiff.

*Id.*, ¶ 12.

Federal Rule of Civil Procedure 12(b)(2) provides for the dismissal of a non-resident defendant for lack of personal jurisdiction, a ground for dismissal typically raised by motion, but which "the district court may raise … *sua sponte*" – "so long as it [gives the plaintiff] an opportunity to address its concerns." *Hazim v. Schiel &*

*Denver Book Publishers*, 647 F. App'x 455, 457 & n.3 (5th Cir. 2016) (citing *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 323-24, 325 (5th Cir. 2001); footnote omitted).

The ability to file objections to these findings, conclusions, and recommendation (as further explained below) offers that opportunity here.

A federal district court may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant and (2) the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009).

"As the Texas long-arm statute extends as far as constitutional due process allows, we only consider the second step of the inquiry." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

Two types of personal jurisdiction may be exercised over a nonresident defendant: general and specific.

"General jurisdiction 'requires continuous and systematic forum contacts and allows for jurisdiction over all claims against the defendant, no matter their connection to the forum.'" *Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x 285, 288 (5th Cir. 2020) (quoting *In re Depuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 778 (5th Cir. 2018)). So "it is 'incredibly difficult to establish general jurisdiction in a forum other than'" where a defendant is at home. *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022) (quoting *Frank v. P N*

*K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020)).

"Specific jurisdiction, on the other hand, demands a connection between the suit and the forum," *Zoch*, 810 F. App'x at 288 (citing *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F.*, 582 U.S. 255, 262 (2017)). Accordingly, it "focuses on the relationship among the defendant, the forum, and the litigation." *Seville*, 53 F.4th at 895 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

> In evaluating whether due process permits the exercise of specific jurisdiction, [courts in this circuit] consider
> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.
> If the plaintiff establishes the first two prongs, the burden shifts to the defendant to make a "compelling case" that the assertion of jurisdiction is not fair or reasonable.

*Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006); footnote omitted).

"For there to be minimum contacts, a defendant must have 'purposefully availed himself of the benefits and protections of the forum state' 'such that he should reasonably anticipate being haled into court there.'" *Id.* (quoting *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007), then *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980))).

"In other words, for specific personal jurisdiction to exist over [a nonresident defendant], there must be an affiliation between the forum and the underlying

controversy." *Conti 11. Container Schiffarts-GMBH & Co. KG M.S., MSC Flaminia v. MSC Mediterranean Shipping Co. S.A.*, 91 F.4th 789, 794 (5th Cir. 2024) (cleaned up; quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)).

This "constitutional touchstone" "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 474, 475 (cleaned up).

"That is, the plaintiff cannot supply 'the only link between the defendant and the forum.'" *Carmona*, 924 F.3d at 924 (quoting *Walden*, 571 U.S. at 285).

"Rather, jurisdiction is proper only where the 'defendant *himself*' made deliberate contact with the forum." *Id.* (quoting *Walden*, 571 U.S. at 284 (quoting *Burger King*, 471 U.S. at 475)).

And, here, where the Court is considering personal jurisdiction over nonresident defendants based on the allegations of the complaint, "without conducting an evidentiary hearing, the plaintiff bears the burden of establishing only a *prima facie* case of personal jurisdiction." *Hazim*, 647 F. App'x at 457 (citing *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002); *Sys. Pipe & Supply*, 242 F.3d at 325).

"Nevertheless, the prima facie method does not require the court to credit conclusory allegations, unproven assumptions, generalizations or farfetched inferences." *Daniels Agrosciences, LLC v. Ball DPF, LLC*, No. CA 13-268 ML, 2013 WL 5310208, at *3 (D.R.I. Sept. 20, 2013) (citations omitted).

Under these standards, the complaint reflects that Venky himself is the only link between Sakshi and Smrithi and Texas.

For example, to the extent that Venky alleges that Sakshi defamed him through an interview in New York in 2023 and that the allegedly defamatory statements were "republished in 2024 in KeyWiki," a website, such allegations do not link Sakshi to Texas. *See Lamont v. Assaf*, No. 3:21-cv-1176-K-BN, 2022 WL 362573, at *8 (N.D. Tex. Jan. 18, 2022) ("Even had Plaintiffs alleged that [Defendant] Van Sciver knew that [Plaintiff] Poulter resides in Texas, they fail to present allegations showing that Van Sciver's actions were both expressly aimed at Texas and calculated to cause injury to Poulter in Texas. As such, Van Sciver's only alleged connection to Texas – that he allegedly defamed a Texan on the internet – is just random, fortuitous, and attenuated. Put another way, Plaintiffs have not alleged that Van Sciver deliberately acted to make contact with Texas." (cleaned up)), *rec. accepted*, 2022 WL 357174 (N.D. Tex. Feb. 7, 2022).

**Recommendation**

The Court should *sua sponte* dismiss the complaint for lack of subject-matter jurisdiction or, in the alternative, without prejudice under Federal Rule of Civil Procedure 12(b)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 5, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE