IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VENKY VENKATRAMAN,** *Plaintiff*, | § § § | |
| v. | § § | No. 3:25-cv-01335-X-BN |
| **SAKSHI VENKATRAMAN & SMRITHI VENKATRAMAN,** *Jointly and Severally Liable Defendants.* | § § § § § § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MAGISTRATE JUDGE'S RECOMMENDATION TO DISMISS**

**I. INTRODUCTION**

Plaintiff Venky Venkatraman ("Plaintiff") respectfully submits this Response in Opposition to the Magistrate Judge's recommendation that the Court should sua sponte dismiss his complaint for lack of subject-matter jurisdiction. Plaintiff contends that this Court has personal jurisdiction over Defendants Sakshi Venkatraman and Smrithi Venkatraman, and that Defendants have sufficient minimum contacts with Texas to satisfy the requirements of the Texas long-arm statute and federal due process. *Flanagan v. Royal Body Care, Inc.*, 232 S.W.3d 369, *Vogel v. Bellows-Blakely*, 1999 Tex. App. LEXIS 3350.

**II. FACTS**

1. Defendants Sakshi Venkatraman and Smrithi Venkatraman grew up in Coppell, Texas (which is in Dallas County) attending Coppell schools from kindergarten to senior year in High School graduating in 2017 and 2020 respectively.
2. Their mother Jyoti Masurekar has continuously resided in Coppell since 2002 (when she used to be married to Plaintiff and they moved here from California) and currently resides at 947 Redcedar Way, Coppell, Texas, where she bought a house circa 2007.
3. Even after moving to New York to attend New York University after graduating from Coppell High School and then taking on jobs in the New York area, both Defendants regularly visit their mother in Coppell, Texas.
4. In a different case in Dallas County Civil Court (Cause# DC-24-04392) where Plaintiff had originally sued Jyoti Masurekar for defamation, etc, and after Plaintiff added both these Defendants to that case, both of them filed identical Affidavits on August 18, 2024 (copy of Affidavits attached hereto as Exhibit "1" and incorporated by reference as if fully set forth herein) in which they stated, among other things:

   "I do not live in Coppell, Texas.

"My mother does live at 947 Redcedar Way, Coppell, Texas. I lived with my mother when I was a child, but I have since graduated from college and have a job.

"My job is not in Texas. I live and pay taxes in another state"

5. Being unsuccessful in getting them to attend depositions in that case, Plaintiff eventually non-suited that case without prejudice (copy of Order attached hereto as Exhibit "2" and incorporated by reference as if fully set forth herein) and then filed suit in this Court based on the exact same allegations.

### III. LEGAL STANDARD FOR PERSONAL JURISDICTION

Under Texas law, personal jurisdiction over a nonresident defendant is proper when (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional due process guarantees. *Pearl v. Abshire*, 2009 Tex. App. LEXIS 5351, *Enerquest Oil & Gas, L.L.C. v. Antero Res. Corp.*, 2019 Tex. App. LEXIS 3000. The Texas long-arm statute extends to the limits of federal due process, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice *Ascentium Capital LLC v. Hi-Tech the Sch. of Cosmetology Corp.*, 558 S.W.3d 824, *MedCost, L.L.C. v. Loiseau*, 166 S.W.3d 421.

The Magistrate Judge's FINDINGS, CONCLUSIONS, AND RECOMMENDATION document states on page 2-3:

> Venky asserts that is the case here **where he alleges that all parties reside in different states**. **But allegations as to residency do not establish a party's citizenship**. (**emphasis added**)
>
> "For natural persons, § 1332 **citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home**." *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). And,
>
>> [i]n *Coury v. Prot*, the [United States Court of Appeals for the] Fifth Circuit explained that, in determining a person's domicile, courts "must address a variety of factors" with "[n]o single factor [being] determinative." 85 F.3d 244, 251 (5th Cir. 1996). These "factors may
>> include the places where the litigant exercises civil and political rights, **pays taxes,** owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."
>> *Id.* (citations omitted). (**emphasis added**)
>
> *Union Pac. R.R. Co. v. Nuefuel TX LLC*, No. 3:23-cv-1206-L, 2024 WL 2970013, at *1 (N.D. Tex. June 11, 2024).

So "[a]**n allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship**.'" *Id.* (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)); *accord J.A. Maters Invs. v. Beltramini*, 117 F.4th 321, 322 (5th Cir. 2024) (per curiam); *cf. Butler v. Dall. Area Rapid Transit*, 762 F.App'x 193, 194 (5th Cir. 2019) (per curiam) ("Assertions that are conclusory are insufficient to support an attempt to establish subject-matter jurisdiction." (cleaned up)) (**emphasis added**)

However, Venky (Plaintiff) does not just "allege" that all parties live in different states. As can be seen in the attached Affidavits of Defendants, Defendants have actually asserted that they live in different states and pay taxes in different states, and those states are their permanent homes, making them citizens of those states. So there can be no doubt that they live in different states thus satisfying the Personal Jurisdiction requirement.

**IV. MINIMUM CONTACTS WITH TEXAS**

Defendants' actions satisfy the minimum contacts requirement under both general and specific jurisdiction. *BHP De Venezula, C.A. v. Casteig*, 994 S.W.2d 321.

**Specific Jurisdiction**

Specific jurisdiction exists when Defendants' contacts with the forum state are substantially connected to the operative facts of the litigation. *Fried, Frank, Harris, Shriver & Jacobson LLP v. Millennium Chems., Inc.*, 2017 Tex. App. LEXIS 7152, *Sarjak Container Lines Sing. PTE Ltd. v. Semons*, 2023 Tex. App. LEXIS 2994. Plaintiff alleges that Defendants' actions, including defamatory statements and derogatory remarks, were directed at him, a Texas resident, and caused harm in Texas. Allegations of tortious conduct, such as defamation and intentional infliction of emotional distress, satisfy the Texas long-arm statute.

Although Defendants assert that they reside outside Texas, the harm caused by their conduct was felt in Texas, where Plaintiff resides. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, *Falcon Crest v. Jet Mgmt.*, LLC, 2012 Tex. App. LEXIS 8060. Courts have recognized that the effects of tortious conduct directed at a forum resident can establish sufficient minimum contacts to support specific jurisdiction *Star Motors, LLC v. Motorwerks Vehicle Sales LLC*, 2019 Tex. App. LEXIS 4689, *Reyes v. Marine Drilling Cos.*, 944 S.W.2d 401.

**General Jurisdiction**

While general jurisdiction requires continuous and systematic contacts with the forum state, Plaintiff asserts that Defendants' actions demonstrate a deliberate connection to Texas where their mother has continuously resided and who they regularly visit. *Alliance Royalties, LLC v. Boothe*, 329 S.W.3d 117, *All Star Enter. Inc. v. Buchanan*, 298 S.W.3d 404. Defendants' affidavits do not negate the possibility that their conduct was purposefully directed at Texas, given Plaintiff's residence there and the foreseeable harm caused by their actions *Schrader v. Roach*, 2022 Tex. App. LEXIS 4180, *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142.

## V. FAIR PLAY AND SUBSTANTIAL JUSTICE

The exercise of personal jurisdiction over Defendants comports with traditional notions of fair play and substantial justice. *Pessina v. Rosson*, 77 S.W.3d 293, *Amec Foster Wheeler PLC v. Enter. Prods. Operating LLC*, 631 S.W.3d 147. Factors such as Plaintiff's interest in obtaining relief in Texas, the forum states interest in adjudicating disputes involving its residents, and the judicial system's interest in efficiently resolving the controversy weigh in favor of jurisdiction *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, *Samsung SDI Co., Ltd. v. Wolbrueck*, 2024 Tex. App. LEXIS 6258.

Defendants cannot demonstrate that defending this lawsuit in Texas would impose an undue burden on them as their mother, who they regularly visit, resides in Texas with whom they can stay when they visit Texas. Further, modern communication (Zoom, etc) and economical transportation methods mitigate any inconvenience associated with litigating in a distant forum *Khan v. Rewachand*, 2008 Tex. App. LEXIS 3889.

## VI. LEAVE TO AMEND

To the extent this Court finds any pleading deficiency in Plaintiff's Complaint, Plaintiff respectfully requests leave to amend his Complain pursuant to Fed. R. Civ. P. 15(a)(2), which directs courts to grant leave "freely … when justice so requires."

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reject the Magistrate Judge's recommendation to sua sponte dismiss his complaint for lack of subject-matter jurisdiction. Defendants' actions satisfy the requirements of the Texas long-arm statute and federal due process, and the exercise of jurisdiction over them is fair and reasonable. *Gespa Nicaragua, S.A. v. Recom AG*, 705 S.W.3d 362, *Estate of Hood*, 2016 Tex. App. LEXIS 12373.

Plaintiff prays that the Court assert personal jurisdiction over Defendants and allow the case to proceed. Alternatively, Plaintiff requests leave to amend his Complaint to address any deficiencies.

Respectfully submitted,

Venky Venkatraman, Pro Se
415 Gifford Drive
Coppell, TX 75019
Tel: (469) 766-2875
Fax: (972) 535-4765
Email: venky@att.net

By:  /s/ Venky Venkatraman
       Venky Venkatraman

## Certificate of Service

I hereby certify that on June 18, 2026, a true and correct copy of the foregoing was electronically filed. Notice of this filing will be sent electronically using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants in this suit.

/s/ Venky Venkatraman  
Venky Venkatraman

# EXHIBIT 1

CAUSE NO. DC-24-04392

| | | |
|---|---|---|
| VENKY VENKATRAMAN | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 191ST JUDICIAL DISTRICT |
| | § | |
| JYOTI MASUREKAR | § | OF DALLAS COUNTY, TEXAS |

## AFFIDAVIT OF SAKSHI VENKATRAMAN

Sakshi Venkatraman appeared in person before me today and stated under oath:

"My name is Sakshi Venkatraman. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"I do not live in Coppell, Texas.

"My mother does live at 947 Redcedar Way, Coppell, Texas. I lived with my mother when I was a child, but I have since graduated from college and have a job.

"My job is not in Texas. I live and pay taxes in another state.

"I understand from my mother that the process server came to the house and my mother's roommate told the process server that I do not live in Texas.

"I do not own a car, so there was no car belonging to me in the driveway.

"There are no bills or other mail addressed to me at the Coppell address because I do not receive my bills or mail there.

"I do not post on social media that I reside in Texas.

"There is no reason for anyone to believe that I still reside with my mother, justifying substitute service at her address.

"I was not in fact at the Coppell address on any of the dates that the process server came to serve me because I do not live at the Coppell address, not because I was avoiding service.

"I do not know why 'Truthfinder' gave a Coppell address for me, but it is wrong."

Further Affiant sayeth not.

*Sakshi Saroja Venkatraman*   08/18/2024

Sakshi Venkatraman

Newport News, Virginia     08/18/2024     Sakshi Saroja Venkatraman

SIGNED under oath before me on August 18, 2024 by Sakshi Venkatraman.

**Winston Ndow**
REGISTRATION NUMBER
8040550
COMMISSION EXPIRES
February 28, 2027

*[Signature]*    8040550
02/28/2027

Notary Public, State of ___Virginia___

Notarized remotely online using communication technology via Proof.

## CAUSE NO. DC-24-04392

| | | |
|---|---|---|
| **VENKY VENKATRAMAN** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **191ST JUDICIAL DISTRICT** |
| | § | |
| **JYOTI MASUREKAR** | § | **OF DALLAS COUNTY, TEXAS** |

## AFFIDAVIT OF SMRITHI VENKATRAMAN

Smrithi Venkatraman appeared in person before me today and stated under oath:

"My name is Smrithi Venkatraman. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"I do not live in Coppell, Texas.

"My mother does live at 947 Redcedar Way, Coppell, Texas. I lived with my mother when I was a child, but I have since graduated from college and have a job.

"My job is not in Texas. I live and pay taxes in another state.

"I understand from my mother that the process server came to the house and my mother's roommate told the process server that I do not live in Texas.

"I do not own a car, so there was no car belonging to me in the driveway.

"There are no bills or other mail addressed to me at the Coppell address because I do not receive my bills or mail there.

"I do not post on social media that I reside in Texas.

"There is no reason for anyone to believe that I still reside with my mother, justifying substitute service at her address.

"I was not in fact at the Coppell address on any of the dates that the process server came to serve me because I do not live at the Coppell address, not because I was avoiding service.

"I do not know why 'Truthfinder' gave a Coppell address for me, but it is wrong."

Further Affiant sayeth not.

_____
Smrithi Venkatraman

Venkatraman v. Masurekar / Affidavit – Page 1

SIGNED under oath before me on ~~August 17, 2024~~ 08/18/2024 by Smrithi Venkatraman.

Jerodinho Florely

Notary Public, State of Florida

**JERODINHO FLORELY**
Notary Public - State of Florida
Commission # HH 320017
Expires on October 9, 2026

Notarized remotely online using communication technology via Proof.

Venkatraman v. Masurekar / Affidavit – Page 2

# EXHIBIT 2

No. <u>DC-24-04392</u>

| | | |
|---|---|---|
| **VENKY VENKATRAMAN** | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| **JYOTI MASUREKAR AND** | § | |
| **SAKSHI VENKATRAMAN** | § | |
| **SMRITHI VENKATRAMAN** | § | |
| Jointly and Severally Liable | § | |
| Defendants | § | 14TH JUDICIAL DISTRICT |

## <u>ORDER NONSUIT</u>

Plaintiff's request to Nonsuit the above-styled lawsuit without Prejudice, filed on February 10, 2025, is GRANTED.

SIGNED on ___11 February___, 2025.

_____
JUDGE PRESIDING

ORDER NONSUIT                                                                                              1