IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VENKY VENKATRAMAN,** *Plaintiff*, | § § § | |
| v. | § § | No. 3:25-cv-01335-X-BN |
| **SAKSHI VENKATRAMAN & SMRITHI VENKATRAMAN,** *Jointly and Severally Liable Defendants.* | § § § § § § | |

### PLAINTIFF'S MOTION TO REOPEN CASE TO TRANSFER VENUE

COMES NOW, Venky Venkatraman, Plaintiff, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1631, and 28 U.S.C. § 1406(a), and hereby respectfully moves this Court to reopen this case for the limited purpose of transferring venue to the Southern District of New York (SDNY). In support of this Motion, Plaintiff states as follows:

1. On May 28, 2025, Plaintiff filed this action in the United States District Court for the Northern District of Texas.
2. On July 7, 2025, this Court dismissed the case without prejudice for lack of subject matter jurisdiction or, alternatively, under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.
3. The case was subsequently closed on the Court's docket.
4. Plaintiff now seeks to reopen this case for the limited purpose of transferring it to the Southern District of New York (SDNY), where jurisdiction and venue are proper, rather than requiring Plaintiff to refile the action in that district.
5. Federal Rule of Civil Procedure 60(b)(6) authorizes this Court to relieve a party from a final judgment, order, or proceeding for "any other reason that justifies relief." USCS Fed Rules Civ Proc R 60.
6. This Court has the authority to transfer this case to a court where it could have been brought under 28 U.S.C. § 1631, which provides that when a court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed.
7. Additionally, 28 U.S.C. § 1406(a) provides that a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.".
8. The Southern District of New York (SDNY) is a proper venue for this action because both Defendants, Sakshi Venkatraman and Smrithi Venkatraman, live and work in the New York City area, and substantial events in this case occurred during their residence in

      that area (as stated in Plaintiff's Amended Motion to Transfer Venue also filed today, that is, on July 9, 2025).
9. Transfer of this case would serve the interest of justice by:
   - Preserving the original filing date;
   - Avoiding the unnecessary expense and delay of refiling;
   - Preventing potential statute of limitations issues; and
   - Promoting judicial economy.
10. Courts have recognized that when a case is dismissed for lack of jurisdiction, transfer is often preferable to dismissal to avoid the "time-consuming and justice-defeating technicalities" associated with refiling. 28 U.S.C. § 1631.
11. The transfer statutes are remedial in nature and should be liberally construed to facilitate adjudication of claims on their merits rather than dismissal on procedural grounds. 28 U.S.C. § 1406.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Reopen this case pursuant to Federal Rule of Civil Procedure 60(b)(6);
2. Transfer this case to the United States District Court for the Southern District of New York (SDNY) pursuant to 28 U.S.C. § 1631 and/or 28 U.S.C. § 1406(a); and
3. Grant such other and further relief as this Court deems just and proper.

                                    Respectfully submitted,

                                    Venky Venkatraman, Pro Se
                                    415 Gifford Drive
                                    Coppell, TX 75019
                                    Tel: (469) 766-2875
                                    Fax: (972) 535-4765
                                    Email: venky@att.net

                                By:  /s/Venky Venkatraman
                                      Venky Venkatraman

## Certificate of Service

I hereby certify that on July 9, 2025, a true and correct copy of the foregoing was electronically filed. Notice of this filing will be sent electronically using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants in this suit.

/s/ Venky Venkatraman
Venky Venkatraman
