IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VENKY VENKATRAMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-1335-X-BN |
| | § | |
| SAKSHI VENKATRAMAN and | § | |
| SMRITHI VENKATRAMAN, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court entered judgment dismissing this case for lack of subject-matter jurisdiction (and, in the alternative, on its own motion under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over the defendants). Doc. Nos. 9, 12, 15, 16. Plaintiff Venky Venkatraman moved reopen the case to transfer his lawsuit to the Southern District of New York. Doc. Nos. 17, 18, 19, 20. The Court **DENIES** Venkatraman's post-judgment motions.

Both Sections 1404 and 1406 "are interpreted broadly to allow transfer when personal jurisdiction is lacking."[1] But "neither the United States Supreme Court nor the Fifth Circuit Court of Appeals have determined whether subject matter jurisdiction is a prerequisite to utilizing Sections 1404 or 1406."[2] Even so, "[t]he courts that have considered the issue, including several courts within the Fifth

---

[1] *Sanders v. ExxonMobil Corp.*, 2008 WL 11417386, at *4 (W.D. Tex. Sept. 30, 2008) (citing *Goldwar, Inc. v. Heiman*, 369 U.S. 463 (1962); *Bentz v. Recite*, 778 F.2d 1026 (5th Cir. 1985)).

[2] *Id.*

- 1 -

Circuit, are nearly uniform in concluding that the transferring court must have subject matter jurisdiction before the court may transfer a cause of action under Section 1404(a)," and "numerous courts of appeals have held that a district judge may not order a transfer under Section 1406(a) unless the court has jurisdiction of the subject matter of the action."[3]

So the Court's conclusion that this lawsuit should be dismissed for lack of subject-matter jurisdiction prevents its granting Venkatraman's amended post-judgment motion under Section 1404(a) (or Section 1406(a), had he raised that provision).

Venkatraman does no better under Section 1631, which instructs that, "[w]henever . . . there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought," and therefore "requires a transfer when a district court lacks either [subject-matter or personal] jurisdiction and the other statutory prerequisites are met."[4]

---

[3] *Id.* at *4–*5 (collecting cases); *accord Yarto Int'l Grp., L.P. v. Wash. Exp., L.L.C.*, 2007 WL 2192153, at *2 (N.D. Tex. July 31, 2007) (Lindsay, J.) ("Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. Otherwise stated, were the court to lack subject matter jurisdiction over this case, dismissal would be appropriate, and the court would be without power to order a transfer of venue to the Eastern District of Washington." (cleaned up); *cf. White v. Commercial Standard Fire & Marine Co.*, 450 F.2d 785, 786 (5th Cir. 1971) (per curiam) (where "the federal district court was, from the very inception of the litigation, wholly without diversity jurisdiction," reversing its decision to transfer to state court a lawsuit filed in federal court "with directions to dismiss the complaint" (citing Fed. R. Civ. P. 12(h)(3)); *Atl. Ship Rigging Co. v. McLellan*, 288 F.2d 589 (3d Cir. 1961) ("Where, as here, the court lacks jurisdiction over the subject matter, which is a more fundamental defect than an absence of in personam jurisdiction, and one which precludes it from acting at all, a fortiori a court lacks power to transfer.")).

[4] *Franco v. Mabe Trucking Co.*, 3 F.4th 788, 796 (5th Cir. 2021).

The Court understands Venkatraman's motion to reopen and then to transfer to be based not on improper venue but on the Court's determination that it lacks jurisdiction.[5]  Even so, a prerequisite to transfer under Section 1631 is that "the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled."[6]

The same defects that led the Court to conclude that it lacks subject-matter jurisdiction would have prevented the Southern District of New York from exercising jurisdiction over this case and thus prevents a transfer under Section 1631.[7]

**IT IS SO ORDERED** this 9th day of October, 2025.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[5] *Cf. Akhter v. Mooney*, 2024 WL 66353, at *2 (5th Cir. Jan. 10, 2025) (per curiam) ("§ 1631 does nothing to help plaintiffs here.   [For one,] it is not clear that § 1631 applies to transfers based on improper venue; after all, § 1631 by its text only applies to transfers based on jurisdiction.") (citing *Franco*, 3 F.4th at 795) (cleaned up).

[6] *Kinney v. Int'l Bus. Machs. Corp.*, 2021 WL 11670024, at *1 (W.D. Tex. July 7, 2021) (cleaned up).

[7] *Cf. Akhter*, 2024 WL 66353, at *2 ("[I]n any event, § 1631 would merely require the transferee court in Texas to proceed as if the action had been filed in Texas.   And if the action had been filed in Texas, all of the same service and due-diligence rules would apply—and would bar plaintiffs' claims based on their dilatory failure to serve the defendants with process.").